1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11

CHESTER T. OWEN,

CASE NO. 10cv1734 BEN

12

                                    Petitioner,

**ORDER GRANTING MOTION TO
DISMISS PETITION FOR WRIT
OF HABEAS CORPUS**

      vs.

13

TIMOTHY E. BUSBY, Warden,

14

                                    Respondent.

15
16

## I.  INTRODUCTION

17

        Chester W. Owen, Jr. (hereinafter "Owen"), a state inmate proceeding *pro se*, filed a

18

federal petition for writ of habeas corpus on August 3, 2010.  [ECF No. 1.][1]  Timothy E. Busby,

19

Warden of Ironwood State Prison (hereinafter "Respondent"), filed a Motion to Dismiss on

20

November 9, 2010.  [ECF No. 30.]   While other documents have been mailed to the Court since

21

the motion was filed, Owen has not filed an opposition to the Motion to Dismiss.

22

        Because the federal habeas petition was filed more than two years after the state conviction

23

became final, Respondent's Motion to Dismiss is granted.

24

## II.  FACTUAL AND PROCEDURAL HISTORY

25

### A.  The Commitment Offense and Direct Review

26

        On November 10, 2005, a San Diego County jury convicted Owen of one count of

27
28

[1] All further [ECF No.] page citations refer to page numbers assigned by the CM/ECF docket system.

inflicting corporal injury upon a spouse, Cal. Penal Code § 273.5(a), one count of battery, Cal. Penal Code § 242, and three counts of forced oral copulation, Cal. Penal Code § 288(a)(c)(2). (Lodgment 1 at 776.)  The San Diego Superior Court sentenced Owen to serve 26 years incarceration in state prison.[2]  (*Id.* at 703.)

Owen appealed the superior court's conviction, and on December 6, 2007, the California Court of Appeal affirmed the judgment.[3]  (Lodgment 16.)  On January 11, 2008, Owen filed a petition for review in the Supreme Court of the State of California.  (Lodgment 17.)  The court denied the petition on February 13, 2008.  (Lodgment 18.)

**B. Habeas Corpus Filings**[4]

*1. First Habeas Filing: Superior Court*

Owen filed his first petition for writ of habeas corpus in superior court, case number EHC629, on February 5, 2008.  (Lodgment 19.)  The court denied the petition on March 27, 2008 because Owen failed to state a prima facie case for his ineffective assistance of counsel claim (Lodgment 20 at 8) and the other issues Owen presented could only be raised in a timely appeal.[5] (*Id.* at 3.)

*2. Second Habeas Filing: Superior Court*

Owen filed a second petition for writ of habeas corpus on July 8, 2008 in superior court, case number EHC650.[6]  (Lodgment 21.)  The court summarily denied the petition on August 26,

---

[2] All other references to superior court refer to the San Diego County Superior Court.

[3] All other references to court of appeal refer to the Court of Appeal, Fourth Appellate District, Division One.

[4] A chart listing the several petitions is provided in the Appendix.

[5] Unless otherwise specified, the dates noted for the state courts' denials of Owen's habeas petitions reflect the dates in which each presiding judge signed and dated the denial.

[6] Unless otherwise specified, the filing dates for Owen's habeas corpus petitions reflect the dates in which he signed and dated each of his own handwritten habeas corpus filings. This accords with the "mailbox" rule. *See Shukry v. Miller*, No. CIV S-10-2724, 2011 WL 2433664, at *1 n.2 (E.D. Cal. June 14, 2011) (noting courts deem the date petitioner signs the petition to be the date in which petitioner handed the petition to the prison guards. This date is considered the filing date for timeliness determinations).

1  2008 because the claims in this petition mirrored the claims in Owen's first petition.[7]  (Lodgment

2  22 at 3-4.)

3          *3.  Third Habeas Filing: Court of Appeal*

4     On October 15, 2008, Owen filed a petition for writ of habeas corpus in the court of appeal,

5  case number D053918.  (Lodgment 23.)  The court denied the petition on November 13, 2008,

6  noting his conviction had already been adequately reviewed on appeal, and a majority of his

7  claims could have been, but were not, raised on appeal.  (Lodgment 24.)

8          *4.  Fourth Habeas Filing: Superior Court*

9     Owen then filed a fourth habeas corpus petition with the superior court, case number

10  EHC686, on February 5, 2009.  (Lodgment 25.)  The court denied Owen's petition on February 26,

11  2009 classifying it as a request for reconsideration of "either [his] first or second petition, or both."

12  (Lodgment 26 at 2-3.)  The court found no current change of fact or law requiring such

13  reconsideration existed.  (*Id.*)  Also, the claims set forth in this petition revealed an improper

14  piecemeal attack on his criminal conviction.  (*Id.*)  The court further explained when petitioners

15  make "improper piecemeal attack[s] on [ ] conviction[s]" via the filing of "numerous habeas

16  corpus petitions, the reviewing court may summarily deny the current petition in its entirety."  (*Id.*

17  at 3.)

18          *5.  Fifth Habeas Filing: Superior Court*

19     On February 26, 2009, Owen filed his fifth habeas corpus petition with the superior court,

20  case number EHC693.  (Lodgment 27.)  The court denied the petition on March 25, 2009 because

21  part of Owen's petition revealed another request for reconsideration when no reconsideration was

22  mandatory or appropriate, another claim he presented could not be reviewed by way of habeas

23  corpus, and the valid claims he did bring proved unsupported by the record.  (Lodgment 28 at 3-4.)

24

25

26     [7] The court cited *In re Clark*, 5 Cal. 4th 750 (1993), noting courts do not consider repeated habeas corpus applications, and Owen's filing was "an attempt to supplement the prior petition" but "raised no new arguments . . . that could not have been submitted with the prior petition" and would

27  have required a subsequent petition to present those claims.  (Lodgement 22 at 3.)  The court also stated it "does not review the validity of its own orders . . . [and] '[b]ecause no appeal lies from the

28  denial of a petition for writ of habeas corpus, a prisoner whose petition has been denied by the superior court can obtain review of his claims only by the filing of a new petition in the Court of Appeal.'"  (*Id.* at 4) (citing *In re Clark*, 5 Cal. 4th at 767).

1

*6.  Sixth and Seventh Habeas Filings: Superior Court*

2      Owen filed his sixth habeas corpus petition with the superior court, case number EHC699,

3  on March 18, 2009. (Lodgment 29.) On April 7, 2009, Owen filed his seventh petition with the

4  same court, case number EHC702.  (Lodgment 30.)  The court denied both petitions on May 26,

5  2009 because the petitions raised issues already reviewed or litigated on appeal, or considered and

6  denied in previous habeas corpus petitions.  (Lodgment 31.)  Also, the court determined Owen

7  could not create a prima facie case for his newly asserted claims.  (*Id.*)

8

*7.  Eighth Habeas Filing: Superior Court*

9      On June 18, 2009, Owen filed an eighth habeas corpus petition with the superior court,

10  case number EHC712.  (Lodgment 32.)  The court summarily denied this petition because the

11  claims were raised and denied in "previous petitions for a writ of habeas corpus filed by him."

12  (Lodgment 33 at 3-4.)

13

*8.  Ninth Habeas Filing: Court of Appeal*

14      On August 13, 2009, Owen filed his ninth habeas corpus petition with the court of appeal,

15  case number D055716.  (Lodgment 34.)  The court denied the petition, concluding Owen did not

16  establish a prima facie case for relief and several of his claims were raised and rejected in his first

17  court of appeal petition filed October 15, 2008.  (Lodgment 35.)

18

*9.  Tenth Habeas Filing: Superior Court*

19      Owen filed his tenth petition for a writ of habeas corpus with the superior court on October

20  20, 2009, case number EHC724.  (Lodgment 36.)  The court summarily denied this petition

21  because Owen presented his contentions in an inappropriate piecemeal fashion and because some

22  of his claims could not be raised via a habeas corpus petition.  (Lodgment 37.)

23

*10.  Eleventh Habeas Filing: Superior Court*

24      On February 1, 2010, Owen filed his eleventh petition for a writ of habeas corpus with the

25  superior court, case number EHC738.  (Lodgment 38.)  On April 9, 2010, the court denied the

26  petition because Owen had raised these claims in previous petitions and some of the issues were

27  strictly issues of appeal.  (Lodgment 40.)

28

*11.  Twelfth Habeas Filing: Supreme Court of California*

    On March 16, 2010, Owen filed a petition in the Supreme Court of California, case number

S181115 (Lodgment 39); the court denied the petition on May 12, 2010.  (Lodgment 41.)

*12.  Federal Court (The Present Petition)*

On August 3, 2010, Owen filed a federal petition for writ of habeas corpus with this Court.

### III.  SUMMARY OF CLAIMS

In his petition for writ of habeas corpus, Owen presents numerous grounds for relief ranging from prosecutorial misconduct [ECF No. 1 at 8] to constitutional violations of his due process rights.  [*Id.* at 23.]  However, only one of his claims pertains to an exception to the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") one year statute of limitations, 28 U.S.C. § 2244(d)(1), that governs the timeliness of his petition; he has been "denied access to courts and lawyers" and other legal services.  [ECF No. 1 at 6.]  This claim includes allegations of mail tampering by the prison which houses Owen, refusing him telephone access to his lawyer, and withholding writing instruments. [*Id.*] Owen claims these impediments made it impossible to timely file his paperwork.  [*Id.*]

Respondent argues the one year statute of limitations mandated in 28 U.S.C. § 2244(d)(1) bars Owen's federal writ of habeas corpus.  [ECF No. 30.]  Respondent contends Owen's direct review terminated on May 13, 2008, triggering the 365 day statute of limitations.  Therefore, Owen's federal habeas corpus petition, filed on March 16, 2010 (over 365 days from May 13, 2008), was untimely.  [ECF No. 30-1 at 16.]  According to Respondent, Owen statutorily tolled the statute of limitations three times.  [*Id.* at 17-19.]  Furthermore, Respondent contends equitable tolling does not apply because Owen's claims of "being held hostage" by the prison and "denied access to lawyer[s] and courts" lack merit.  [*Id.* at 20-21.]

### IV.  THE ONE YEAR STATUTE OF LIMITATIONS

AEDPA sets forth a one year statute of limitations period for a federal petition for writ of habeas corpus by a state prisoner, pursuant to the following language presented in 28 U.S.C. § 2244(d):

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2006) (*emphasis* added).

## V.  DISCUSSION

### A.  Statutory Tolling

#### 1.  Owen's Direct Review Period Ends

Under AEDPA, a state prisoner can statutorily toll the one year statute of limitations for filing a federal habeas corpus petition by timely applying for post-conviction or other collateral review of a state judgment after direct review of such judgment ends.  *See Allen v. Siebert*, 552 U.S. 3, 4 (2007) (citing 28 U.S.C. § 2244(d)(1)).  Direct review ends once the highest state court denies the prisoner's petition for review and, after this denial, a 90 day period expires in which the prisoner can, but does not, petition for a writ of certiorari with the United States Supreme Court.  *Gillie v. Yates*, 417 F. Supp. 2d 1134, 1138 (C.D. Cal. 2006).

On January 7, 2008, Owen filed a petition for review with the California Supreme Court. (Lodgment 17.)  The California Supreme Court subsequently denied the petition on February 13, 2008. (Lodgment 18.)  Direct review of Owen's conviction ended May 13, 2008 because Owen did not file a petition for a writ of certiorari with the United States Supreme Court.  (*Id.*)  Thus, *AEDPA's statute of limitations began to run on May 14, 2008; Owen then had 365 days, or until May 14, 2009, to file a federal habeas corpus petition.*  Owen filed his federal habeas corpus petition on August 3, 2010.  Thus, absent statutory or equitable tolling, Owen failed to file his federal habeas corpus petition in a timely manner.  The Court now looks to Owen's state habeas filings to determine if any statutory tolling applies.

*2.  First Habeas Filing: Superior Court*

Owen filed his first petition for writ of habeas corpus with the superior court on February 5, 2008 (Lodgment 19), 98 days prior to the end of direct review of his conviction.  Although a "state habeas petition filed *before* the AEDPA statute of limitations begins to run tolls the limitation period," the superior court denied Owen's petition on March 27, 2008 (Lodgment 20), 47 days prior to the end of direct review on May 13, 2008.  *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).   Therefore, when Owen filed this petition and the superior court denied it, the statute of limitations had not yet begun to run so no tolling occurred.  *See id.*  Thus, the Court finds statutorily tolling inapplicable because the limitations period had not yet begun to run.

*3.  Second Habeas Filing: Superior Court*

The statute of limitations began to run on May 14, 2008, the day after direct review of Owen's conviction ended.  On July 8, 2008, Owen filed a second petition for writ of habeas corpus with the superior court. (Lodgment 21.) The superior court denied Owen's second petition because Owen raised the same issues he had already raised in his first petition.[8]   (Lodgment 22.) Courts deem petitions that present claims previously omitted or previously presented and denied as improper because such petitions are successive and delayed.[9]  *See In re Clark*, 5 Cal. 4th at 770.  Improper successive petitions do not toll the statute of limitations.  *See Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010).  Thus, Owen's second petition does not toll the statute of limitations because it was an improper, successive petition.[10] From May 14, 2008 when the AEDPA statute of limitations began to run until the superior court denial on August 26, 2008, *104 days elapsed*, leaving 261 days for Owen to file a federal petition.

---

[8] The superior court's denial notified Owen of his improper nature of the petition. The superior court referred to the petition as a "repeated application[ ]" for habeas relief and one in which no "new arguments" were raised. (Lodgment 22.)  Owen was also put on notice by the superior court of other improper habeas petitions. The superior court referred to Owen's petitions as "improper piecemeal attack on his conviction," "successive," and "petitioner has not raised any new arguments." (Lodgments 26 at 3, 33 at 4.)

[9] The courts do not deem a petitioner's claims successive if the petitioner convincingly explains why he failed to set forth all claims in his original petition. *See In re Clark*, 5 Cal. 4th at 797. Owen has not presented any arguments on this point.

[10] The court denied Owen's first petition for its inability to establish a prima facie case for an ineffective assistance of counsel claim and his other claims could only be brought on appeal, not through a habeas corpus petition. (Lodgment 20).

*4. Third Habeas Filing: Court of Appeal*

On October 15, 2008, Owen properly filed a habeas corpus petition in the court of appeal (Lodgment 23), beginning his first round of collateral review.  Because Owen properly filed this petition, it statutorily tolled AEDPA's statute of limitations beginning on October 15, 2008. *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003).  No tolling occurred until October 15, 2008 because "tolling begins when the state habeas petition is filed" and no tolling occurs between the end of direct review and the date of petitioner's subsequent state habeas filing. *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006) (quoting *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999)).  Owen's October 15, 2008 court of appeal filing tolled the statute of limitations until November 13, 2008, when the court denied the petition.  (Lodgment 24.) Therefore, from May 14, 2008 until the October 15, 2008 filing, *154 days elapsed out of the 365 day statute of limitations*.  This lapse left Owen with 211 days to file a federal habeas corpus petition.

*5. Fourth Habeas Filing: Superior Court*

After the court of appeal denied Owen's third petition on November 13, 2008, he returned to the superior court and filed his fourth habeas petition on February 5, 2009.  (Lodgment 25.) The time between a lower court's denial of a petition and the filing of a new petition in a higher court tolls AEDPA's statute of limitations.  *See Biggs*, 339 F.3d at 1048.  In California, an original petition in a higher court must be filed within a "reasonable time" after the lower court denies a habeas petition in order to continue that round of collateral review and toll the statute of limitations.  *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008).  Although "reasonable time" is a subjective standard, the United States Supreme Court concluded this "standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules." *Evans v. Chavis*, 546 U.S. 189, 201 (2006) (citing *Carey v. Saffold*, 536 U.S. 214, 222-23 (2002)).  These determinate timeliness rules usually mandate a 30 to 60 day filing period.  *Id.*  The Supreme Court has concluded a *six month* period is an unreasonable time delay according to California standards.  *Id.*

Owen did not proceed to the next appellate court level with a petition until August 13, 2009, *nine months* after the lower court denial. According to California's "reasonable time"

standard, the August 13 appellate court filing constitutes another possible round of habeas review rather than a continuation of Owen's first round of collateral review. Therefore, his first round of collateral review (and statutory tolling) ended when the court of appeal denied his petition on November 13, 2008.   The statute of limitations began to run again on November 14, 2008.

If properly filed and not successive, Owen's fourth petition would have begun a second round of collateral review and tolled the limitations period.  However, the superior court denied Owen's petition on February 26, 2009 for being a successive and piecemeal attack on his original conviction.  (Lodgment 26.)  Improper successive petitions do not begin rounds of review that toll the statute of limitations. *See Porter*, 620 F.3d at 958.  Because the superior court deemed Owen's fourth petition as successive (Lodgment 26), no tolling occurred.  Therefore - accounting for Owen's one previous period of statutory tolling - *258 days elapsed* from May 14, 2008, the day AEDPA's limitations period began to run, until the February 26, 2009 denial.  This left Owen with 107 days to properly file a federal habeas petition.[11]

### 6. Fifth, Sixth, and Seventh Habeas Filings: Superior Court

Owen filed three more superior court petitions on February 26, 2009 (Lodgment 27), March 18, 2009 (Lodgment 29), and April 7, 2009.  (Lodgment 30.)  Although Owen presented some repetitive claims, he also raised new claims in each of these petitions.  The courts addressed these claims on the merits, statutorily tolling the limitations period. *See Velasquez v. Kirkland*, 639 F.3d 964, 966-67 (9th Cir. 2011).  The superior court denied the fifth petition on March 25, 2009 (Lodgment 28) and Owen filed his sixth habeas petition on March 18, 2009 (Lodgment 29), overlapping the denial.  The superior court ultimately denied Owen's sixth and seventh petitions in one decision on May 26, 2009.  (Lodgment 31.)

Therefore, statutory tolling began on February 26, 2009, with the filing of his fifth petition, and continued until May 26, 2009, with the denial of Owen's sixth and seventh petition.  On May 27, 2009, the statute of limitations began to run again.  From November 14, 2008, the

---

[11] Calculation to arrive at 107 days left to file a federal habeas petition:
1. May 14, 2008 to Oct. 15, 2008: 154 days
2. FIRST ROUND OF TOLLING (10/15/2008 - 11/13/2008)
3. Nov. 14, 2008 to Feb. 26, 2009: 104 days
54 days + 104 days = 258 days elapsed
365 day (AEDPA limitations period) – 258 days (elapsed) = 107 days left to file

1  day after the court of appeal denied Owen's first court of appeal habeas petition, to February 26,

2  2009, *104 days elapsed*, leaving Owen with 107 day left to file a federal habeas corpus petition.

3  *7. Eighth Habeas Filing: Superior Court*

4  On June 18, 2009, Owen returned to the superior court and filed his eighth petition.

5  (Lodgment 32.) As previously noted, California's "reasonable time" standard requires the

6  petitioner file a petition in the next appellate or supreme court level within a reasonable time. *See*

7  *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008). Although the California Supreme Court has

8  not articulated what constitutes a "reasonable time," filing within 30 to 60 days after the lower

9  court denies a previous petition is likely reasonable whereas a 6-month lapse is unreasonable. *See*

10  *Waldrip*, 548 F.3d at 734-35.

11  Here, Owen could have continued the second round of collateral review if he had timely

12  filed a petition in a higher court. Instead, Owen filed in the superior court. Owen did not proceed

13  to the next court level until August 13, 2009 when he filed his ninth habeas petition. This was 79

14  days after the superior court denied Owen's sixth and seventh petitions. The 79 day period

15  between the sixth and seventh petition denial in the superior court and the filing of Owen's ninth

16  petition in the court of appeal constitutes an unreasonable filing delay when proceeding to the

17  next court level because Owen filed in the court of appeal outside of the 30 to 60 day "reasonable

18  time" standard. Importantly, the superior court deemed Owen's eighth habeas petition a

19  piecemeal and successive petition that raised no new arguments. The court denied it on July 13,

20  2009. (Lodgment 33.) Successive petitions do not statutorily toll the limitations period in any

21  event. *See Porter*, 620 F.3d at 958. Thus, no tolling occurred during the pendency of the eighth

22  petition.

23  Therefore, from May 14, 2008, when the AEDPA statute of limitations began to run, until

24  the superior court's denial on July 13, 2009, *305 days elapsed*. This accounts for Owen's two

25  previous periods of tolling, leaving him 60 days to file a federal petition.[12]

26

27  [12] Calculation to arrive at 60 days left to file a federal habeas petition:
     1. May 14, 2008 to Oct. 15, 2008: 154 days
28   2. FIRST ROUND OF TOLLING (10/15/2008 - 11/13/2008)
     3. Nov. 14, 2008 to Feb. 26, 2009: 104 days
     4. SECOND ROUND OF TOLLING (2/26/2009 - 5/26/2009)
     5. May 27, 2009 to July 13, 2009: 47 days

- 10 -

### 8. Ninth Habeas Filing: Court of Appeal

On August 13, 2009, Owen filed another petition with the court of appeal. (Lodgment 34.) The court rejected this petition because a subsequent petition is successive when it raises claims that were, or could have been, raised earlier. (Lodgment 23.)  Although the court of appeal addressed two of Owen's contentions while still classifying several of his claims as repetitive, this petition did not toll the statute of limitations because these claims were or could have been, but were not, raised in Owen's first court of appeal habeas petition filed on October 15, 2008.[13]  *See In re Clark*, 5 Cal. 4th at 770.  Therefore, Owen's second court of appeal petition constitutes a successive petition and does not toll the statute of limitations.  *See Porter*, 620 F.3d at 958.

From May 14, 2008 when the AEDPA statute of limitations began to run until the appellate court's denial on September 25, 2009, *379 days elapsed,*[14] including two periods of tolling, making any federal petition Owen filed after September 25, 2009 untimely because the limitations period expired on September 11, 2009.

### 9. Tenth Habeas Filing: Superior Court

Owen returned to the superior court and filed a petition on October 20, 2009.  (Lodgment 36.)  The court denied this petition on December 7, 2009 for being successive, piecemeal, and an improper vehicle for matters that could have been raised on appeal. (Lodgment 37.)  The court's classification of Owen's petition as successive and piecemeal results in no tolling of AEDPA's statute of limitations.  *See Porter*, 620 F.3d at 958.

---

154 days + 104 days + 47 days = 305 days elapsed
365 day (AEDPA limitations period) – 305 days (elapsed) = 60 days left to file

[13] The two contentions the court of appeal addressed from Owen's second petition were an ineffective assistance of counsel claim and his contention the prosecution altered audio tape presented to the jury (Lodgment 35).  In Owen's first court of appeal petition, he claimed some form of ineffective assistance or abuse of counsel at both the trial and appellate level (Lodgment 24), and the prosecution altered the audio recording (Lodgment 23 at 1-1), illustrating he had already brought these claims and proving a successive habeas corpus petition.

[14] Calculation to arrive at 397 days elapsed:
1. May 14, 2008 to Oct. 15, 2008: 154 days
2. FIRST ROUND OF TOLLING (10/15/2008 - 11/13/2008)
3. Nov. 14, 2008 to Feb. 26, 2009: 104 days
4. SECOND ROUND OF TOLLING (2/26/2009 - 5/26/2009)
5. May 27, 2009 to September 25, 2009: 121 days
154 days + 104 days + 121 days = 379 days elapsed

1        From the end of the period in which Owen's petitions last tolled the statute of limitations,

2  which was May 26, 2009, until December 7, 2009, *194 days elapsed*.  As of May 27, 2009, Owen

3  had 107 days left to file a federal habeas corpus petition.  Therefore, on December 7, 2009, Owen

4  already exceeded the federal habeas timely filing deadline by 87 days.  Absent equitable tolling,

5  the last day Owen could have properly filed a federal habeas corpus petition was on September

6  11, 2009.

7           10.  *Eleventh and Twelfth Habeas Filings: Superior Court and Supreme Court*

8        Although Owen subsequently filed an eleventh petition with the superior court (Lodgment

9  38), analysis of its tolling impact on AEDPA's one year statute of limitations would be

10  superfluous because the statute of limitations had already run on September 11, 2009.

11  Furthermore, Owen filed a twelfth habeas corpus petition with the California Supreme Court on

12  March 16, 2010 (Lodgment 39), several months after AEDPA's statute of limitations ended.

13  Owen's supreme court petition does not continue any previous round of collateral review because

14  it does not reasonably connect to either the court of appeal petitions Owen previously filed or his

15  October 20, 2009 superior court filing, which the court denied December 7, 2009.

16        Owen filed his California Supreme Court petition 99 days after the superior court denied

17  his tenth petition on December 7, 2009, which was filed after the limitations period expired, and

18  172 days after his second court of appeal filing the court denied on September 25, 2009.  In

19  accordance with California's "reasonable time" filing standard for habeas petitions in a higher

20  court to continue a round of collateral review, the supreme court petition was untimely because

21  Owen filed it past the reasonabl 30 to 60 day time limit for higher court filings after a lower

22  court's denial.  *See Waldrip*, 548 F.3d at 734 (citing *Evans*, 546 U.S. at 201); *Scalf v. Salazar*, No.

23  09cv1676 H, 2010 WL 744523, at *1 (S.D.  Cal. March 2, 2010) (noting the "reasonable time"

24  standard is a period of 30 to 60 days "until the California Supreme Court states otherwise").  This

25  supreme court petition, while reflecting claims presented in previous lower court petitions, does

26  not attach to or continue any previous round of collateral review because of untimeliness.

27  Accordingly, no statutory tolling exists related to this filing.

28

*11. Owen's Federal Habeas Corpus Filing After Statute of Limitations Runs*

Owen filed his federal habeas corpus petition on August 3, 2010.  Even with the clock statutorily tolled, the last day in which he could timely file such a petition was September 11, 2009.  Owen filed his federal petition more than two years after his conviction became final and more than 326 days after the limitations period expired with tolling.  Therefore, the Court deems Owen's petition untimely filed in accordance with 28 U.S.C. § 2244(d).

*12. Hypothetically Assuming Multiple Periods of Collateral Review*

Even if the Court were to hypothetically consider Owen's filings of petitions in superior court immediately followed by petitions in higher courts as ones each warranting a full round of collateral review, Owen would still not be timely in his federal habeas corpus filing.  From May 14, 2008, when direct review ended, it was 55 days until the first hypothetical round of collateral review would have begun with the filing of Owen's second habeas petition in superior court on July 8, 2008.  This hypothetical round would then run until the November 13, 2008 court of appeal's denial of the petition he originally filed in that court.

As noted above, Owen's one California Supreme Court habeas filing was not timely filed so as to continue the collateral review period of any of his superior court or appellate court filings. (See above, pg. 13, lines 3-14.)  Because Owen did not file a petition for habeas corpus with the California Supreme Court within a reasonable time of the court of appeals denial, only a new or second hypothetical round of collateral review would toll the statute of limitations.

Owen's February 26, 2009 superior court filing could begin a new hypothetical round of collateral review because it followed sequentially from the court of appeal's November 13, 2008 denial.  There, 104 days elapsed between the November 13, 2008 denial and the February 26, 2009 filing.  The superior court denied Owen's February 26, 2009 filing on May 26, 2009.

After the statute of limitations would begin to run again on May 27, 2009, 22 days would elapse until Owen's superior court filing on June 18, 2009, which could begin a third round of collateral review, resulting in tolling, until September 25, 2009, when the court of appeal denied another petition filed in its court.  Then 128 days would elapse until Owen's next hypothetical round of collateral review, which would begin on February 1, 2010 and run until May 12, 2010

when the California Supreme Court rejected a petition filed in that court.  Therefore, following

this hypothetical scenario, 56 more days would elapse, totaling 365 days, and thereby ending

AEDPA's statute of limitations period on July 7, 2010, still 27 days before Owen filed his federal

habeas corpus petition on August 3, 2010.  Thus, even including the hypothetical periods of

statutory tolling, the Court finds Owen's petition untimely

**B. Equitable Tolling**

*1.  Extraordinary Circumstance Exception*

Although a prisoner may not be eligible for statutory tolling, he may qualify for equitable

tolling of AEDPA's statute of limitations.  *See, e.g.*, *Velasquez,* 639 F.3d at 969; *Waldron-*

*Ramsey v. Pacholke*, 556 F.3d 1008, 1014 (9th Cir. 2009).  However, courts construe this

exception narrowly as not "to displace the statutory limitations that Congress crafted."  *Id.*  To

obtain equitable tolling, a petitioner must prove "(1) he has been pursuing his rights diligently,

and (2) that some extraordinary circumstances stood in his way."  *Velasquez,* 639 F.3d at 969*;*

*Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007).

To prove the petitioner has diligently pursued his rights, he must demonstrate 'reasonable

diligence' in attempting to file his federal habeas petition after the extraordinary circumstances

began.  *Moore v. Walker*, No. CV 10-5640, 2011 WL 836439, at *4 (C.D. Cal. Feb. 1, 2011)

(citing *Spitsyn v. Moore*, 345 F.3d 796, 802 (9th Cir. 2003); *Thompson v. Hoops*, No. CV 10-

10006, 2011 WL 1322536, at 2 (C.D. Cal. 2011 Feb. 17, 2011) (citing *Spitsyn*, 345 F.3d at 802).

The Supreme Court has noted reasonable diligence requires proactive attempts to remove the

extraordinary filing impediment.  *See Holland v. Fla.*, 130 S. Ct. 2549, 2553 (2010) (noting

petitioner wrote his attorney multiple letters seeking information; contacted the state courts, court

clerks, and the Florida State Bar Association in an attempt to remove the impediment).

Courts have found petitioners act *proactively* where: (1) petitioner consistently identifies

the filing impediment, (2) frequently attempts to remedy the impediment, and (3) the courts

conclude a filing impediment actually existed.  *See Holland v. Fla.*, 130 S. Ct. at 2553; *Porter v.*

*Ollison*, 620 F.3d 952, 959 (9th Cir. 2010); *Espinoza -Matthews v. Ca.*, 432 F.3d 1021, 1027-28

(9th Cir. 2005).  Once a petitioner demonstrates diligence through proactive attempts to remove

the impediment, Courts then determine extraordinary circumstances on a case-by-case basis; these

determinations include egregious and unprofessional attorney or prison-official misconduct that prevents a prisoner from timely filing a petition. *See Holland*, 130 S. Ct. at 2553; *Bills v. Clark*, 628 F.3d 1092, 1096 (9th Cir. 2010); *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).

Although Owen filed twelve petitions for writ of habeas corpus over a two year period with the state of California,[15] his frequent filings do not constitute a diligent pursuit of his federal habeas corpus rights because no filing impediments existed and, even if they did, Owen did not proactively seek removal of the alleged impediments. Thus, Owen fails to demonstrate he diligently pursued his rights for two reasons. First, Owen fails to demonstrate any impediment prevented or delayed his filings. Second, Owen did not proactively attempt to remove any alleged obstructions.

In several of his state habeas petitions, Owen alleged filing hindrances, such as being "held hostage" and denied access to the courts. [Lodgments 30, 34, 38, 39.] Despite all, Owen filed twelve state habeas petitions over a two year period, nine of which Owen successfully filed before the AEDPA statute of limitations expired. Furthermore, analysis of Owen's handwritten signatures and dates and the corresponding court-filing dates indicates the prison system mailed the majority of Owen's petitions within seven days after receiving them from Owen, save one outlier of sixteen days. The Court finds the prison mailed the petitions and the courts received the petitions in a reasonable and timely manner. No impediments barred or delayed Owen's filings.

Even if filing impediments did exist, Owen fails to show how he proactively sought removal of these obstructions. *First*, Owen did not consistently identify impediments to filing. Rather, the record indicates Owen identified alleged impediments in only four of his state petitions and failed to identify any impediments in the other eight.[16] *Second*, of the four filings alleging impediments, Owen did nothing more than raise the issue of obstructions. He failed to remedy the alleged impediments after the respective courts within which Owen filed the petitions repeatedly denied the petitions containing the allegations. Importantly, the superior court instructed Owen on how to raise the issue of impediments after he alleged a denial of courts and

---

[15] Lodgments 19, 21, 23, 25, 27, 29, 30, 32, 34, 36, 38, 39.

[16] Lodgments 30, 34, 38, 39 and Lodgments 19, 21, 23, 25, 27, 29, 32, 36.

1    counsel in its Order Denying Petition for Writ of Habeas Corpus on May 26, 2009.  (Lodgment 31

2    at 5.)  *Third*, as discussed above and below, neither Owen's state habeas or federal habeas filings

3    demonstrate actual filing impediments existed.  Thus, absent an actual impediment which Owen

4    consistently identified and frequently attempted to remedy, the Court concludes Owen did not

5    proactively attempt to remove the alleged impediments.

6            Similar to four of his state habeas filings which allege impediments, Owen's federal

7    petition alleges the prison holds him hostage, denies him access to lawyers and the courts, and

8    deprives him of writing instruments.  [ECF No. 1 at 6.]  However, Owen provides no evidence

9    demonstrating how, after these alleged impediments began, he attempted to remove such

10   obstructions.  Therefore, Owen fails to show he diligently pursued his rights.

11           Moreover, Owen fails to demonstrate the existence of an extraordinary circumstance.

12   Extraordinary circumstances include a prison-official's misconduct which prevents a prisoner

13   from timely filing a petition but does not include a pro se petitioner's lack of legal sophistication.

14   *See Holland*, 130 S. Ct. at 2553; *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000); *Rasberry*,

15   448 F.3d at 1154.  In the context of prison-official misconduct, a prisoner can obtain equitable

16   tolling if he shows improper conduct had a direct impact on, or proximately caused, the

17   untimeliness of the petition.  *See Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003).  For

18   example, a prison's delay in mailing a habeas corpus petition to the courts or failure by the prison

19   law library to stock legal works containing AEDPA.  *See id.*; *Miles v. Prunty*, 187 F.3d 1104,

20   1106-07 (9th Cir. 1999).

21           Owen fails to show extraordinary circumstances existed even though he alleges the prison

22   "holds him hostage" and denies him access to legal amenities including the courts and writing

23   instruments.  [ECF No. 1 at 6-7.]  Owen filed twelve, state habeas corpus petitions over a two

24   year period.  Owen filed nine of these petitions before the AEDPA statute of limitations expired

25   on September 11, 2009.  Owen's handwritten and signed petitions authenticate the filing dates

26   and cast doubt on his claim that the prison did not provide him with writing instruments.

27   Furthermore, prison officials timely delivered these petitions.  Indeed, the longest time period

28   between when Owen signed a petition to when it was filed with the court was sixteen days

     (Lodgment 29); and, the prison mailed most of Owen's petitions within seven days of Owen's

1    dated signature.  The subsequent denials of Owen's petitions over the two year period further

2    establishes a line of written communication between Owen and the courts (Lodgments 19-41),

3    contradicting his claim the prison denied him access to the court system.  Thus, the Court does

4    not find evidence suggesting any extraordinary circumstance existed.

5          In addition to Owen's inability to show extraordinary circumstances existed, he also fails

6    to illustrate how the alleged circumstances prevented him from timely filing a federal habeas

7    corpus petition.  Indeed, Owen filed nine handwritten state habeas corpus petitions prior to the

8    end of AEDPA's one year statute of limitations (and seven handwritten state habeas corpus

9    petitions within 365 days of the start of AEDPA's statute of limitations).  Owen could have been

10   timely in his federal habeas filing if he had filed a federal habeas instead of one of the previously

11   mentioned state petitions.  In other words, Owen had the means and access to file a federal habeas

12   petition within one year.

13         Owen fails to show prison misconduct proximately caused his failure to timely file a

14   federal habeas corpus petition.  Therefore, Owen is not entitled to equitable tolling of AEDPA's

15   statute of limitations.

16                    *2.  Actual Innocence Exception*

17         Along with Owen's allegations of extraordinary circumstances, he also maintains actual

18   innocence in his federal habeas petition.  [ECF No. 1 at 47.]  Owen claims documents, witnesses,

19   and experts will verify his version of events and "100% contradict" his wife's and daughter's

20   testimony against him.  [*Id*. at 47-52.]  Specifically, Owen contends his wife's medical records,

21   available to counsel but not introduced at trial, contradict his wife's version of events and prove

22   he is actually innocent of inflicting a corporal injury on her.  [*Id*. at 47.]  Owen contends his

23   wife's testimony of being pushed backwards conflicts with the records that show his wife suffered

24   an injury to the front of her leg.  [*Id*. at 47.]

25         Likewise, Owen contends a photograph of his daughter's injuries proves he is actually

26   innocent of battering her.  [*Id*. at 49-52.]  Owen claims the photograph, apparently not introduced

27   at trial but referred to in his daughter's testimony, proves that she was the initial aggressor and

28   thus Owen acted in self-defense.  [*Id*.]  Owen does not claim actual innocence of the three counts

     of forced oral copulation of his daughter.

Recently, the Ninth Circuit found another equitable exception to AEDPA's statute of limitations by holding a credible actual-innocence claim permits a petitioner to "pass through the *Schlup* gateway" and have his time-barred claims heard. *Lee v. Lampert*, --- F.3d ----, 2011 WL 3275947, *6 (9th Cir. Aug. 2, 2011). To present these time-barred claims under *Schlup*, the petitioner must present "sufficient proof of his actual innocence." *Id.* A petitioner can satisfy *Schlup* by possessing strong evidence "show[ing] that it is more likely than not that no reasonable juror would have convicted him in the light of [this] new evidence." *Id.* The petitioner does not have to affirmatively prove his innocence, but must present "post-conviction evidence cast[ing] doubt on [his] conviction [and]. . . the reliability of the proof of guilt." *Id.* The court then considers all evidence, new and old, to determine what "reasonable, properly instructed jurors would do." *Id.*

In *Schlup*, the Court specifically stated that a claim of actual innocence requires the introduction of  "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). By contrast, newly presented impeachment evidence which provides only "some degree of impeachment of the prosecution's main witnesses . . . does not, however, fundamentally call into question the reliability of [the] conviction." *See Sistrunk v. Armenakis*, 292 F.3d 669, 677 (9th Cir. 2002).

Here, Owen fails to demonstrate sufficient proof of his actual innocence to present his otherwise time-barred claims because his new evidence merely provides some evidence to impeach his wife's and daughter's versions of events. Notably, Owen neither presents exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence nor contends his wife and daughter suffered no injuries. Rather, Owen contests the prosecution's version of events leading to the injuries suffered. The *uncontested* versions are as follows: Owen had a physical altercation with his wife and his wife suffered injuries to her leg; Owen had a physical altercation with his daughter and his daughter suffered injuries to her leg. [ECF No. 1 at 47-52.] The jury heard the testimony of Owen, his wife, and his daughter. [*Id.*] Even if the jury was presented with a record supplemented by Owen's newly presented evidence, this Court cannot conclude that "it is more likely than not that no reasonable juror would have convicted

him." *See Schlup*, 513 U.S. at 327.

Moreover, the Court finds Owen's newly presented impeachment evidence actually impeaches Owen's own credibility. Indeed, Owen's *current* version of events regarding the altercation with his wife actually conflicts with the version of events Owen gave while testifying at trial. Owen's federal habeas petition alleges his wife suffered injuries to the front of her leg because she was chasing him whereas Owen testified at trial that he merely brushed against his wife while trying to pass her causing her to fall. [ECF No. 1, pg. 47]; (Lodgment 16, pg. 7.) Owen's two conflicting accounts, and the non-dispositive impeachment evidence Owen now offers are simply too big to pass through the *Schlup* gateway. Owen is not eligible for the actual innocence AEDPA exception to time-barred claims.

## IV.  CONCLUSION

Owen untimely filed his federal habeas corpus petition. AEDPA's one year statute of limitations began to run on May 14, 2008. Absent statutory tolling, the last day Owen could timely file a federal habeas corpus petition was *May 14, 2009.* The Court has determined the statute of limitations tolled twice. Accounting for two periods of statutory tolling, the last day he could timely file a federal habeas corpus petition was *September 11, 2009.* Owen is not entitled to any equitable tolling. Therefore, Owen's August 3, 2010 federal habeas filing is untimely.

For all of the foregoing reasons, the Court grants the Motion to Dismiss and dismisses the Petition.

The Court also concludes that Petitioner fails to make a substantial showing of the denial of a constitutional right. Accordingly, any request for a certificate of appealability is denied. See 28 U.S.C. § 2253(c)(2).

DATED:  September 2, 2011

_____
Hon. Roger T. Benitez
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# APPENDIX

10-cv-1734 BEN

A.  Owen's Habeas Corpus Filing Dates

| DATE | EVENT |
|---|---|
| Feb. 5, 2008 | Owen files first habeas corpus petition in S.D. County Superior Court |
| Feb. 13, 2008 | California Supreme Court issues order denying Owen's petition for review of court of appeal affirmation of criminal conviction (direct review) |
| May 13, 2008 | Direct review of Owen's conviction ends and conviction becomes final |
| May 14, 2008 | AEDPA statute of limitations begins to run |
| July 8, 2008[17] | Owen files second habeas corpus petition in S.D. County Superior Court<br>- Filed with Court: July 16, 2008 / Denied: Aug. 26, 2008 |
| Oct. 15, 2008 | Owen files third habeas corpus petition in California Court of Appeal<br>- Filed with Court: Oct. 20, 2008 / Denied: Nov. 13, 2008 |
| Feb. 5, 2009 | Owen files fourth habeas corpus petition in S.D. County Superior Court<br>- Filed with Court: Feb. 11, 2009 / Denied: Feb. 26, 2009 |
| Feb. 26, 2009 | Owen files fifth habeas corpus petition in S.D. County Superior Court<br>- Filed with Court: Mar. 3, 2009 / Denied: Mar. 25, 2009 |
| Mar. 18, 2009 | Owen files sixth habeas corpus petition in S.D. County Superior Court<br>- Filed with Court: Apr. 3, 2009 / Denied: May 26, 2009 |
| Apr. 7, 2009 | Owen files seventh habeas corpus petition in S.D. County Superior Court<br>- Filed with Court: Apr. 15, 2009 / Denied: May 26, 2009 |
| June 18, 2009 | Owen files eighth habeas corpus petition in S.D. County Superior Court<br>- Filed with Court: June 26, 2009 / Denied: July 13, 2009 |
| Aug. 13, 2009 | Owen files ninth habeas corpus petition in the California Court of Appeal<br>- Filed with Court: Aug. 20, 2009 / Denied: Sept. 25, 2009 |
| Sept. 11, 2009 | Statute of limitations period for filing a federal habeas petition ends |
| Aug. 3, 2010 | Owen files federal habeas corpus petition<br>- Filed with Court: Aug. 16, 2010 |

---

[17]Dates in the lefthand column reflect the mailbox rule for the filing dates.

1

2          B.  Owen's Habeas Corpus Filings that Tolled the Statute of Limitations

3

4          Chart B specifies the dates upon which Owen's statutory tolling rounds began and ended

5   and the effects these rounds had on AEDPA's one year statute of limitations.

6

| DATE | EVENT |
|------|-------|
| May 13, 2008 | Direct review of Owen's conviction ends and conviction becomes final |
| May 14, 2008 | Statute of limitations begins to run |
| **154** | **Days elapsed (May 14 - October 15)** |
| Oct. 15, 2008 | First round of collateral review begins; statutory tolling occurs (statute of limitations pauses) |
| Nov. 13, 2008 | First round of collateral review ends; statutory tolling ends |
| Nov. 14, 2008 | Statute of limitations begins to run |
| **104** | **Days elapsed (November 14 - February 26)** |
| Feb. 26, 2009 | Second round of collateral review begins; statutory tolling occurs (statute of limitations pauses) |
| May 26, 2009 | Second round of collateral review ends; statutory tolling ends |
| May 27, 2009 | Statute of limitations begins to run |
| **107** | **Days elapsed (May 27 - September 11)** |
| **Sept. 11, 2009** | **Statute of limitations period for filing a federal habeas petition ends** |
| Aug. 3, 2010 | Owen files his federal habeas corpus petition |
| **326** | **Days elapse between when statute of limitations expired and Owen filed his federal habeas corpus petition** |
| **691** | **Days elapse from when the statute of limitations originally began to run on May 14, 2008 until Owen's Aug. 3, 2010 federal habeas petition filing, (accounting for two periods of statutory tolling)** |