2012 MAY 29 PM 1:17

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____Vam_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHESTER T. OWEN,<br><br>                      Petitioner,<br>vs.<br><br>TIMOTHY E. BUSBY, Warden,<br><br>                      Respondent. | CASE NO. 10-CV-1734 BEN (WMC)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 43] |

      Presently before the Court is Petitioner's Motion for Reconsideration. (Doc. No. 43.) For the reasons stated below, the Motion for Reconsideration is **DENIED**.

## BACKGROUND

      On November 10, 2005, a San Diego jury convicted Petitioner Chester Owen of one count of inflicting corporal injury upon a spouse, Cal. Penal Code § 273.5(a), one count of battery, Cal. Penal Code § 242, and three counts of forced oral copulation, Cal. Penal Code § 288(a)(c)(2). (Lodgment 1, at 776.) The San Diego Superior Court sentenced Owen to serve 26 years incarceration in state prison. (*Id.* at 703.)

      Owen appealed the superior court's conviction, and on December 6, 2007, the California Court of Appeal affirmed the judgment. (Lodgment 16.) On January 11, 2008, Owen filed a petition for review in the California Supreme Court. (Lodgment 17.) The Court denied the petition on February 13, 2008. (Lodgment 18.) Between 2008 and 2010, Owen filed eleven petitions for habeas corpus in state court. (Lodgment 19-41.)

Petitioner filed the present petition for writ of habeas corpus on August 16, 2010. (Doc. No. 1.) Respondent filed a Motion to Dismiss on November 9, 2010. (Doc. No. 30.) The Court granted Respondent's Motion to Dismiss, reasoning that Petitioner had untimely filed his petition. (Doc. No. 37.) Presently before the Court is Petitioner's Motion for Reconsideration of the order dismissing the Petition. (Doc. No. 43.)

## DISCUSSION

Federal Rule of Civil Procedure 60(b) allows for reconsideration due to:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

First, Petitioner argues that the prosecution tampered with the evidence at his state court trial. "To prevail [under Rule 60(b)(3)], the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000). Here, Rule 60(b)(3) concerns fraud committed during the present federal habeas case, not during the state court trial. Petitioner, therefore, may not recover under Rule 60(b)(3) on this ground.

Second, Petitioner argues that he has an alibi that proves actual innocence of the forced oral copulation charges, which may fall under Rule 60(b)(2). Petitioner, however, does not argue that this alibi is newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b).

Third, Petitioner argues that the Court incorrectly concluded that Petitioner did not file an opposition to the Motion to Dismiss, because Petitioner's Motion to Calendar a Hearing on (1) Conflicting Factual Information and (2) Motion to Threats on Petitioner's Life (Doc. No. 34) was not properly considered an opposition to Respondent's Motion to Dismiss. Petitioner clearly labeled

1  Docket No. 34 as a motion, not an opposition to the Motion to Dismiss. Furthermore, even if
2  considered an opposition to the Motion to Dismiss, the Motion to Calendar a Hearing does not
3  successfully allege any grounds for relief. In the Motion to Calendar a Hearing, Petitioner argued that
4  he was denied access to lawyers and the court through interference with his mail, an argument that the
5  Court already rejected in the Order Granting the Motion to Dismiss. (*See* Doc. No. 37, at 16.) In
6  addition, Petitioner requested that the previously filed Motion for Expedited Emergency Hearing (Doc.
7  No. 7) be combined with the Memorandum of Points and Authorities in Support of Motion for
8  Expedited Emergency Hearing (Doc. No. 11). Although discrepancy orders were issued for these
9  documents, they were both accepted by the Court. That the motion and memorandum of points and
10 authorities were in separate documents did not affect the Court's disposition of them. Moreover,
11 although unclear, Petitioner also appeared to object to the Court's rejection of his Letter to the Clerk
12 of Court (Doc. No. 33). This document was properly rejected, as it requested relief from the Clerk of
13 Court, which the Clerk of Court was unable to grant. (*See id.*)

In addition, Petitioner argues that the statute of limitations has been tolled because the prison failed to mail Petitioner's legal mail, that he was denied private telephone and written access to his attorney, and that his family falsely accused him of the crimes for which he was convicted. All of these arguments were rejected by the Court in the Order Granting the Motion to Dismiss. (*See* Doc. No. 37, at 15-17.)

Petitioner's remaining arguments are unpersuasive, as they do not address any of the six instances under which a motion for reconsideration may be brought.

## CONCLUSION

For the reasons set forth above, the Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

DATED: May __, 2012

HON. ROGER T. BENITEZ
United States District Court Judge